UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMI REA,

                              Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE CO.,
MUTUAL OF OMAHA,
KOIKE ARONSON, INC., and
K.N. ARONSON, INC.
                        Defendants.

Case # 16-CV-73-FPG-HBS

DECISION AND ORDER

## INTRODUCTION

Plaintiff Tammi Rea ("Plaintiff") brought this Employee Retirement Income Security Act of 1974 ("ERISA") claim against Defendants Mutual of Omaha Insurance Company, Mutual of Omaha, Koike Aronson, Inc., and K.N. Aronson, Inc. ("Defendants"). ECF No. 1. On September 27, 2017, Defendants moved to dismiss Plaintiff's suit. ECF No. 21. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff became an employee of defendant Koike Aronson on April 7, 2008. ECF No. 1 at 4. As part of her employment benefit package, Plaintiff was to be covered by defendant Mutual of Omaha's long-term disability policy if she became disabled. *Id.* at 4-5. On March 2, 2010, Plaintiff filed a claim for disability benefits under the policy. *Id.* at 5. Defendant Mutual of Omaha Insurance Co. paid benefits until January 24, 2013, when it denied the claim. *Id.* On February 21, 2014, Mutual denied Plaintiff's request for reconsideration of the denial of benefits. *Id.*

1

On January 28, 2016, Plaintiff initiated this lawsuit. ECF No. 1. On May 12, 2016, Mutual answered Plaintiff's Complaint, and on May 16, 2016, Koike and Plaintiff entered into a stipulation extending the time for Koike to answer to June 12, 2016. ECF Nos. 4, 5, 11. On January 18, 2017, the parties attended a Rule 26 Scheduling Conference before U.S. Magistrate Judge Hugh Scott at which Plaintiff's attorney reported that Plaintiff had passed away in October 2016. ECF No. 16. Plaintiff's attorney reported that he had not yet located an estate administrator, so the Court gave him an additional 90-days to locate an administrator or to start an action in Erie County Surrogate's Court. *Id.* After the expiration of the 90-days, the Court directed Plaintiff's counsel to file a formal suggestion of death per Rule 25(a)(1) by April 28, 2017 and scheduled an additional status conference for May 17, 2017. ECF No. 18. Plaintiff's attorney failed to file a suggestion of death or attend the May status conference, so the Court suggested that Defendants' attorney proceed with motion practice under Rule 25. ECF No. 19.

On September 27, 2017, Defendants moved to dismiss Plaintiff's suit under Rules 16, 25, 37, and 41 of the Federal Rules of Civil Procedure. ECF No. 21. On October 30, 2017, Plaintiff's attorney filed an affirmation stating that he attempted to contact some of Plaintiff's family members "that [he had located] through social media with very limited success." ECF No. 23 at 1. Additionally, he "checked with the Surrogate's Court of Erie County and also with the Surrogate's Court of Cattaraugus County where [Plaintiff] had resided and no family member has commenced any type of petition for probate or administration although it has been quite some time since she passed away." *Id.* at 2. He also acknowledged that Plaintiff's "passing completely change[d] the circumstances and leave no client and essentially no estate of the client to pursue a claim as none have been created by her family." *Id.* at 3.

**DISCUSSION**

Under Rule 25, if a party dies, the court "may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made "by any party or by the decedent's successor or representative." *Id.* If the motion "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

Plaintiff's attorney has not complied with Rule 25 in substituting a party after Plaintiff's death. First, there is no indication from the record that Plaintiff served his October 2017 affirmation on Defendants' attorney, as mandated by Rules 25 and 5. Second, Plaintiff's attorney's October 2017 affirmation stating that Plaintiff was deceased did not constitute a formal "statement noting the death" for purposes of Rule 25. *See Int'l. Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 66 (W.D.N.Y. 1997) (noting that a suggestion of death "is not effective if made by counsel for the party who has died"); *Al-Jundi v. Estate of Rockefeller*, 757 F. Supp. 206, 210 (W.D.N.Y. 1990) ("Death withdrew from the attorney every iota of authorization he had to act for or in [his client's behalf]."). Finally, even if the affirmation constituted a valid suggestion of death and the attorney properly served it, he did not make a motion for substitution within 90 days after issuing his affirmation. As of today, it has been more than 238 days since the attorney filed the October 2017 affirmation.

Contrary to Defendants' suggestion, the Court cannot dismiss this action based on Rule 25 alone. Because Plaintiff's attorney never properly served a valid suggestion of death, he never triggered the 90-day period during which he had to serve a motion for substitution. *See Sykes*, 172 F.R.D. at 67 ("Since the letter did not constitute a formal suggestion of death on the record pursuant to Fed. R. Civ. P. 25(a), the ninety-day period for making a substitution did not begin to run . . .").

In theory, then, Plaintiff may still move to substitute a party even though he never served a suggestion of death. *See* Advisory Committee Notes to Rule 25—1983 Amendment ("A motion to substitute may be made . . . without awaiting the suggestion of death."). However, as Plaintiff's attorney conceded in his October 2017 affirmation, Plaintiff has no estate to speak of and her attorney has not found a proper party to replace the original Plaintiff. The only conclusion to draw from Plaintiff's attorney's affirmation and his hundreds of days of silence since then is that he has stopped trying to find a substitute plaintiff. Consequently, there is no way forward for this litigation. Accordingly, the Court grants Defendants' Motion to Dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute.[1]

It "is well established that a district court has the power to dismiss an action for failure to prosecute." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). In dismissing a case under Rule 41(b), trial courts must consider five factors: 1) the duration of the plaintiff's failure or non-compliance; 2) whether the plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendants is likely to result; 4) whether the court balanced its interest in managing its docket against the plaintiff's interest in receiving a fair chance to be heard; and 5) whether the court adequately considered the efficacy of a sanction less drastic than dismissal. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). No one factor is dispositive. *Nita*, 16 F.3d at 485.

The above-referenced factors weigh in favor of Defendants. Plaintiff's attorney failed to attend a status conference and only contacted Defendants after they moved to dismiss the case. Furthermore, he did not contest any of the arguments in Defendants' Motion to Dismiss. As mentioned above, Plaintiff's attorney has not tried to establish contact with potential substitute

---

[1] Because this case is dismissed under Rule 41(b), there is no need to examine Plaintiff's Motion to Dismiss under Rules 16 or 37.

parties for over 238 days.  The Court recognizes that Plaintiff's death placed her attorney in a difficult position and understands if Plaintiff's attorney believed he lacked the authority to make certain decisions in this litigation on her behalf.  Nonetheless, this does not change the fact that "no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open and the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Keating v. Leviton Mfg. Co., Inc.*, No. 06-CV-6027 (JFB) (ARL), 2009 WL 234654, at *2 (S.D.N.Y. Jan. 30, 2009).  Therefore, dismissal for failure to prosecute under Rule 41(b) is warranted.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 21) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 26, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court